# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA
**V.**
DAT VIET TIEU

## JUDGMENT IN A CRIMINAL CASE

Case Number: 08-310 J

USM Number: 98771-179

Richard Moore, Esq., 4 Park Timbers Dr, NOLA 70131
Defendant's Attorney

Social Security No.: xxx-xx-1461

**THE DEFENDANT:**

☑ pleaded guilty to count 1 of the indictment on March 4, 2009.

☐ pleaded nolo contendere to count(s) which was accepted by the court.

☐ was found guilty on count(s) after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Count |
|---|---|---|
| 21 U.S.C. §841(a)(1) | Conspiracy to Distribute and Possession with the Intent to Distribute MDMA | 1 |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ____________

☐ Count(s) is/are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**COURT REPORTER: Cathy Pepper**

**ASST. U. S. ATTORNEY: Kevin Boitmann**

**PROBATION OFFICER: Denise DeShazo**

**CERTIFIED AS A TRUE COPY**

**ON THIS DATE** ____________________

**BY:**______________________________

**Deputy Clerk**

January 28, 2010
Date of Imposition of Judgment

[signature]
Signature of Judge

CARL J. BARBIER, United States District Judge
Name and Title of Judge

JANUARY 29, 2010
Date

**DEFENDANT:** **DAT VIET TIEU**
**CASE NUMBER:** **08-310 J**

# IMPRISONMENT

**The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 46 months as to Count 1.**

[X] **The court makes the following recommendations to the Bureau of Prisons:**
**1. That defendant be enrolled in a substance abuse counseling/treatment program.**
**2. That defendant be housed in a facility as close to Beaumont, TX as possible.**

[ ] The defendant is remanded to the custody of the United States Marshal.

[X] **The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons before 12:00 noon on MARCH 10, 2010, as notified by the Probation or Pretrial Services Office.**

# RETURN

I have executed this judgment as follows:

Defendant delivered on ______________________ to ______________________

a ______________________ , with a certified copy of this judgment.

______________________
UNITED STATES MARSHAL

By ______________________
DEPUTY UNITED STATES MARSHAL

DEFENDANT: DAT VIET TIEU
CASE NUMBER: 08-310 J

## SUPERVISED RELEASE

**Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years as to Count 1.**

**The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons. The defendant shall not commit another federal, state or local crime.**

## SPECIAL CONDITIONS OF SUPERVISION

**The following special conditions are imposed:**
**1. The defendant shall provide the probation officer with access to any requested financial information.**
**2. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.**
**3. The defendant shall participate in an orientation and life skills program as directed by the probation officer.**
**4. The defendant shall participate in a program of testing and/or treatment for drug abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.**
**5. The defendant shall contribute to the cost of such treatment to the extent that the defendant is deemed capable by the probation officer.**
**6. The defendant shall pay any fine imposed by the judgment and that remains unpaid at the commencement of supervision.**

**The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court.**

**The defendant shall cooperate in the collection of a DNA sample, pursuant to the DNA Analysis Backlog Elimination Act of 2000, and subsequent amendments.**

**If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.**

**The defendant must comply with the standard conditions that have been adopted by this court as shown below, and shall not possess a firearm.**

## STANDARD CONDITIONS OF SUPERVISION

**1)** **the defendant shall not leave the judicial district without the permission of the court or probation officer;**

**2)** **the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;**

**3)** **the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;**

**4)** **the defendant shall support his or her dependents and meet other family responsibilities;**

**5)** **the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;**

**6)** **the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;**

**7)** **the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;**

**8)** **the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;**

**9)** **the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;**

**10)** **the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;**

**11)** **the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;**

**12)** **the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and**

**13)** **as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.**

DEFENDANT: DAT VIET TIEU
CASE NUMBER: 08-310 J

# CRIMINAL MONETARY PENALTIES

☐ The defendant must pay any imposed fine or restitution under the schedule of payments on Sheet 6.

☐ The Court finds that the defendant does not have the ability to pay a fine. The Court will waive the fine in this case.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | **$ 100.00** | **$ 5,000.00** | **$ None** |

✓ **The special assessment is due immediately.**

X **It is further ordered that the defendant pay a fine of $5,000.00 as to Count 1. The payment of the fine shall begin while the defendant is incarcerated. Upon release, any unpaid balance shall be paid at the rate of $500.00 per month. The payment is subject to increase or decrease, depending on the defendant's ability to pay.**

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | None | None | |
| **TOTALS** | $ None | $ None | |

☐ Restitution amount ordered pursuant to plea ____________

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the fine restitution.

☐ the interest requirement for the fine restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.